[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14288
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-00097-WCO-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS LOWE,
a.k.a. Roderick Watkins,
a.k.a. Brodrickus Watkins,
a.k.a. Brodrick Deandre Watkins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Marcus Lowe violated the conditions of his supervised release by possessing drugs and guns.  As a consequence, the district court revoked his supervised release and sentenced him to 52 months in prison, a term exceeding the one prescribed by the sentencing guidelines.  Lowe argues that his sentence is substantively unreasonable.  We are unpersuaded, particularly given his lengthy criminal history and repeated failures to comply with the conditions of his supervised release.

Lowe's rap sheet is extensive.  He has been convicted of violating Georgia's Controlled Substances Act, stealing a car, receiving stolen property (four times), giving a false name to police officers (twice), driving while his license was suspended, fleeing and attempting to elude a police officer, family violence battery (three times), battery (also three times), and obstructing an emergency telephone call.  And all that was before 2004, when he pleaded guilty in federal court to a pair of firearms offenses.  As a result of those two firearm offenses, he was sentenced to 86 months' imprisonment and five years' supervised release.  Among the conditions of his supervised release were that he not commit another crime, that he not possess a firearm, and that he participate in a drug and alcohol treatment program.

After being released from prison, Lowe began his term of supervised release. Just a few months into it, however, he was charged with battery and convicted of

criminal trespass, a fact he failed to disclose to his probation officer.  When the district court found out about Lowe's misconduct, it revoked his supervised release and sentenced him to another eight months' imprisonment, to be followed by 52 months' supervised release.

After serving the eight months in prison, Lowe began his second term of supervised release.  It went even worse than the first one.  He repeatedly failed to show up for mandatory drug testing appointments.  On at least one occasion, when he did show up for such an appointment, he tested positive for cocaine.  Local law enforcement cited him for possessing marijuana.  Then, on August 24, 2013, he was arrested for theft by receiving stolen property, possessing marijuana and cocaine with intent to distribute them, and possessing a firearm during the commission of a felony.  He did not report the arrest to his probation officer.  Instead, when he was released from jail after seven days, he stopped communicating with his probation officer and more or less disappeared.  It was almost a year before law enforcement finally apprehended him.  After he was, a Georgia court convicted him of possessing cocaine and being a felon in possession of a firearm and sentenced him to a year in state prison.

While Lowe was in state custody, the probation office once again sought to have his federal supervised release revoked.  The district court held a hearing, at which Lowe admitted that he had violated the terms of his supervised release by

possessing drugs and guns.  He also did not contest that he had violated the terms

of his supervised release by failing to report for drug testing.

Lowe requested a sentence within the 12–18 month range prescribed by the

sentencing guidelines.  The district court rejected that request, observing that:

> This Defendant has not performed well under supervision at all.  And possibly any further term of supervision might meet with the same problem, I am concerned as to that.  The Government's argument [that Lowe was "completely unsupervisable"] is a very valid one.  It is not just a case of drugs and firearms, even though that was the basic original underlying offense before the previous Judge and that is the offense — exact offense he is here before me on today with all of the misconduct in between. . . .  The Court will — this is a case where the punishment [and] giving weight to the deterrent effects and protection of society to prevent continuation of these crimes justifies a substantial sentence.

Consistent with those observations, the court sentenced him to 52 months'

imprisonment — substantially more than the guidelines range, but less than the 60-

month statutory maximum.

Lowe urges us to hold that his latest sentence is substantively unreasonable,

but his arguments are unconvincing.  We may reverse a sentence on substantive

unreasonableness grounds only if we are "left with a definite and firm conviction

that the district court committed a clear error of judgment in weighing the

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160,

1223 n.44 (11th Cir. 2010) (en banc).  We are left with no such "definite and firm

4

conviction" here because, just as the district court noted, Lowe has repeatedly shown himself unwilling or unable to comply with the terms of supervised release.

Lowe's counterarguments do not sway us from that conclusion. He asserts that the district court failed to adequately consider all of the sentencing factors set out in 18 U.S.C. § 3553(a), but the evidence does not bear that out. At most, it shows that, at the revocation hearing, the district court did not discuss each and every § 3553(a) factor. We have repeatedly explained, however, that a sentencing court need not discuss each § 3553(a) factor, or even state on the record that it has considered each factor. See United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009). To the extent Lowe challenges the weight the district court accorded particular sentencing factors, we note that district courts receive great discretion in the weighing of sentencing factors. See United States v. McQueen, 727 F.3d 1144, 1156 (11th Cir. 2013). Lowe has not shown why, on the facts of this case, the district court erred in giving considerable weight to his lengthy history of serious misconduct while on supervised release.

Lowe's last argument is that his one-year state court sentence adequately accounts for the deterrent and incapacitation rationales that the district court emphasized at sentencing. That argument overlooks the fact that the district court sentenced him not for the state-law offenses, but for violating the conditions of his federal sentence — something the state court sentence did not account for. The

two sentences — state and federal — are not duplicative because they punish

different kinds of wrongdoing.

**AFFIRMED.**